State *v.* Newmarket.

# ROCKINGHAM,

## JULY TERM, A. D. 1846.

### STATE *v.* NEWMARKET.

Where a town, at a meeting warned to see if the town would instruct the selectmen to lay out a certain road, voted so to instruct, and the selectmen returned that pursuant to the vote, &c., they did lay out the road, &c., it was *held*, that such road was not legally laid.

INDICTMENT, for not keeping in repair a certain highway. The return of the selectmen laying out the highway described in the indictment, which was made on the 29th day of November, 1826, was, "That pursuant to a vote passed at a legal town meeting, duly notified and holden in the town of Newmarket, on the 29th day of November,

1826, requesting the selectmen of Newmarket to widen and straiten the road leading," &c., "agreeable to a petition to the selectmen of Newmarket for that purpose, after due notice to the land owners, did lay out the road and appraise the damages, as by the full return of their doings herewith annexed appears," &c.

The vote of the town, referred to in the return of the selectmen, was as follows: "Voted that the selectmen be instructed to widen and straighten the road at Lamprey river, agreeable to the petition of Stephen Hanson and others."

The article in the warning of the town meeting upon which the above vote was founded was as follows: "To see if the town will vote to instruct the selectmen to widen and straighten the road from," &c., "agreeable to a petition; provided the Newmarket Manufacturing Company will pay damages that may be assessed by the selectmen, and make the road to the acceptance of the same."

Soon after the road was laid out the Newmarket Manufacturing Company paid the damages awarded by the selectmen for the land taken, erected a bridge across the brook over which the highway was laid, and did some other work upon the highway, and it was fenced out. The bridge was soon afterwards carried off by a freshet, and the brook has remained ever since in such a condition as not to admit of carriages passing. There was no evidence that the selectmen ever accepted the road, as constructed by the Newmarket Manufacturing Company, or that any vote has ever been passed by the town to discontinue the road, but the same remains open and common, as fenced out.

It was agreed by the attorney-general, in behalf of the State, and by the defendants, that a default should be entered, if the court should be of the opinion that the road in question had been legally laid out, and that the defendants were liable for its repair; otherwise the defendants should be discharged from the indictment.

*Stickney*, for the defendant.

*Walker*, attorney-general, for the State.

GILCHRIST, J.   The statute of February 8, 1791, pre-
scribes that "when there shall be occasion for any new
highways or private roads to be laid out," &c., "the select-
men are empowered, on application made to them, if they
see cause, to lay out the same."

This general power is the same that was given to the
selectmen by the province law, passed 5th Geo. I., includ-
ing also an undefined portion of that which, by the same
statute, was vested in the quarter-sessions, to be exercised
by this court upon application made by the selectmen.
Prov. Laws 153.

The occasion which enables the selectmen to exercise
this power, is the application to be made to them for that
purpose.   Without such application it has been held that
the power cannot be legally exerted.   *Pritchard* v. *Atkin-
son*, 3 N. H. 335.

It has also been held that, the power having been called
into action by the appropriate application, must be exer-
cised for purposes of public and private convenience and
accommodation, and that the grounds upon which they
proceed in exercising it are liable to be inquired into judi-
cially.   *Turnpike* v. *Champney*, 2 N. H. 201.

It has also been held that courts, in the laying of high-
ways, ought to act upon a conviction of what the public
convenience and necessity require; and that if it appear
that they have laid out a road for any other causes, or have
acted upon other inducements, besides a sense of the pub-
lic convenience and necessity, their proceedings may be
avoided.   *Commonwealth* v. *Cambridge*, 7 Mass. 166; *Com-
monwealth* v. *Sawin*, 2 Pick. 547; *Dudley* v. *Cilley*, 5 N. H.
558.

In the cases last cited, it appeared that the courts had

been influenced by offers made by parties in interest, to contribute money to lighten the expense of the necessary land damages to be paid as incident to the establishing of the road.

We think that where selectmen exercise the power of laying a road, they are required, like courts in the exercise of like powers, to proceed upon their own convictions of what the public good and convenience require, and that their doings are subject to a scrutiny as strict, at least, as that which has been assumed in regard to other tribunals, whether courts or committees, charged with this judicial function; and it makes no difference whether the inquisition be made collaterally, as in the case of selectmen, or by *certiorari*, as in other cases.    3 Gr. 438.

Where the record of the proceedings of the selectmen discloses no aberration of the nature referred to, and there is no distinct proof that in the discharge of their functions they have been actually influenced by considerations other than those which the law has indicated for their guide, a presumption will not be allowed against their acts, from the mere proof that illegal inducements were urged upon their notice.    *Smith* v. *Conway,* Ossipee, December term, 1844.

But where it appears, by the record or otherwise, that the selectmen have laid out a road, not because, in their own judgment, the public convenience required it, but because the measure had been urged and required by another body, having no right to dictate in the matter, we should abandon the rules heretofore pursued by this court and others, if we avoided an inquiry into the legality of their acts.

In the present case, it appears that the road was laid out in pursuance of the instructions of the town, settled at a town meeting, regularly called for the purpose of considering whether the town would so instruct their selectmen.

The warrant and the vote would of themselves constitute no valid objection to the doings of the selectmen, as

has been intimated. But by the return it appears that they laid the road pursuant to the instructions. They almost in terms recognize themselves to be the mere agents of the town in the act, and the act appears, upon a fair view of the whole proceedings, to be that of the town of New-market.

But whether it be necessary or not to place such a construction upon the proceedings as to impute the entire act to the town, it is impossible so to read the record that the doings of the selectmen shall appear to be of that judicial nature that the law exacts, or that influences wholly alien to the considerations that are regarded as legitimate, shall not appear to have caused the road to be laid.

The conclusion, therefore is—there being no evidence except that which the record presents—that the State has failed to prove the existence of a highway that the defendant town is obliged to keep in repair. There must, according to the arrangement, be

*Judgment for the defendants.*